SILBERMAN, Judge.
Citibank, N.A., appeals an order of dismissal without prejudice in its action to reestablish a lost promissory note and to foreclose a mortgage against Seymour Ko-nigsberg. Because there was record activity to avoid dismissal under Florida Rule of Civil Procedure 1.420(e), the trial court erred in dismissing the action for lack of prosecution. Thus, we reverse and remand for further proceedings.
Citibank correctly contends that the trial court erred in dismissing the action for failure to prosecute when record activity occurred within sixty days of service of the notice of lack of prosecution. The issue of whether record activity has *1186 occurred within the meaning of rule 1.420(e) is subject to de novo review because “it involves the construction of a procedural rule.” Weston TC LLLP v. CNDP Mktg. Inc., 66 So.3d 370, 371-72 (Fla. 4th DCA 2011).
In the 2005 amendment to rule 1.420(e), the Florida Supreme Court shortened the twelve-month period of record inactivity to ten months and provided for the filing of a notice of lack of prosecution. Chemrock Corp. v. Tampa Electric Co., 71 So.3d 786, 792 (Fla.2011). A notice requirement and a sixty-day grace period were added to allow the party to engage in record activity so as to avoid a dismissal for lack of prosecution. Id. The rule defines record activity as the “filing of pleadings, order of court, or otherwise.” Fla. R. Civ. P. 1.420(e); see also Chemrock Corp., 71 So.3d at 792. Dismissal can also be avoided based on a stay order or if a party shows good cause in writing as provided in the rule. See Fla. R. Civ. P. 1.420(e); Chemrock Corp., 71 So.3d at 792.
The test for record activity during the ten-month period and during the sixty-day grace period is a bright-line rule “under which any filing of record is sufficient to preclude dismissal.” Chemrock Corp., 71 So.3d at 792. The bright-line rule “is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active.” Wilson v. Salamon, 923 So.2d 363, 368 (Fla.2005). Under the bright-line rule, the trial court usually will need only a cursory review of the record because “there is either activity on the face of the record or there is not.” Id.
Here, the clerk served a notice of lack of prosecution ón May 14, 2012. Within the sixty-day grace period provided for in rule 1.420(e), Citibank filed a notice of lead counsel that directed all parties “to forward further pleadings, motions, correspondence and other papers to the lead counsel.” That notice constituted record activity under the bright-line rule to avoid dismissal for lack of prosecution. See Fla. R. Civ. P. 1.420(e) (defining record activity as the “filing of pleadings, order of the court, or otherwise”); Chemrock, 71 So.3d at 792 (stating that “any filing of record is sufficient to preclude dismissal”); Norman v. Darville, 964 So.2d 864, 865 (Fla. 2d DCA 2007) (determining that a filed change of address constituted record activity to preclude dismissal for lack of prosecution); Weston TC LLLP, 66 So.3d at 371 (determining that a filed notice of absence constituted record activity to preclude dismissal under rule 1.420(e)).
Because there was record activity in this case during the sixty-day grace period, the trial court erred in dismissing the case for lack of prosecution under rule 1.420(e). Therefore, we reverse the order of dismissal and remand for further proceedings. Based on the existence of record activity, the remaining two reasons that Citibank argues for reversal are moot.
Reversed and remanded.
WALLACE and BLACK, JJ., Concur.