NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL ZUPPARDO,                          )
                                           )
        Appellant,                     )
                                           )
v.                                         )       Case No. 2D14-6018
                                           )
DUNLAP AND MORAN, P.A.,                     )
                                           )
        Appellees.                     )
_____)

Opinion filed February 12, 2016.

Appeal from the Circuit Court for Sarasota
County; Charles E. Williams, Judge.

Anthony S. Lefco, Sarasota, for Appellant.

Maureen G. Pearcy of Hinshaw &
Culbertson, LLP, Coral Gables, and Lori
Heim of Hinshaw & Culbertson, LLP,
Tampa, for Appellee.


CASE, JAMES R., Associate Senior Judge.

        Michael Zuppardo appeals the order dismissing his civil complaint for

failure to prosecute.  Because the trial court failed to adhere to the plain language of

Florida Rule of Civil Procedure 1.420(e), we reverse.

        Zuppardo filed a civil suit against Dunlap and Moran, P.A., in March 2007.

There have been multiple periods of inactivity since the suit was filed.  After over two

years of inactivity, on September 11, 2014, the trial court sent a notice pursuant to rule 1.420 indicating that there had been no record activity in the case for ten months. The notice also indicated that

> [i]f no record activity occurs within sixty (60) days immediately following the service of this motion and notice, and if no stay is issued or approved prior to the expiration of such 60-day period, this action shall be dismissed at a hearing . . . .
> A party may file a showing of good cause why this action should remain pending at least five (5) days prior to the hearing . . . .

In response, on October 9, 2014, Zuppardo filed a notice of filing which set forth a new address for Zuppardo's counsel and attached a brief filed in a related case in an attempt to explain the delay in this case. In serving the notice, Zuppardo's counsel misspelled opposing counsel's email address. The trial court's electronic filing system generated an alert that prompted Zuppardo's counsel to serve the notice in an alternate manner. Zuppardo's counsel then emailed and mailed via postal service the notice to Dunlap and Moran's counsel. Additionally, Zuppardo filed a motion to amend the complaint sixty days after the inactivity order. But the motion did not have a proposed amended complaint attached to it, as required by Florida Rule of Civil Procedure 1.190(a).

Dunlap and Moran filed a response arguing that the case should be dismissed because Zuppardo's filings were insufficient record activity due to the technical deficiencies in each filing. On December 3, 2014, the trial court dismissed the case incorporating the arguments presented in Dunlap and Moran's response. The trial court made no further elaboration as to why Zuppardo's two filings were insufficient to preclude dismissal as a matter of law.

Florida Rule of Civil Procedure 1.420(e), entitled "Failure to Prosecute," provides that when "it appears on the face of the record that no activity . . . has occurred for a period of 10 months" and there is no stay in place, the court, clerk, or any interested person "may serve notice to all parties that no such activity has occurred." After the notice is served, if no record activity has occurred within sixty days, "the action shall be dismissed by the court on its own motion or on the motion of any interested person . . . unless a party shows good cause in writing at least [five] days before the hearing on the motion why the action should remain pending." Id. However, the rule further provides that "[m]ere inaction for a period of less than [one] year shall not be sufficient cause for dismissal for failure to prosecute." Id. In other words, dismissal is precluded if there has been record activity within the past year. Wilson v. Salamon, 923 So. 2d 363, 369 (Fla. 2005).

Record activity is defined as the "filing of pleadings, order of court, or otherwise." Fla. R. Civ. P. 1.420(e). "The test for record activity during the ten-month period and during the sixty-day grace period is a bright-line rule 'under which any filing of record is sufficient to preclude dismissal.' " Citibank, N.A. v. Konigsberg, 149 So. 3d 1185, 1186 (Fla. 2d DCA 2014) (emphasis added) (quoting Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786, 792 (Fla. 2011)); see also Weston TC LLLP v. CNDP Mktg. Inc., 66 So. 3d 370, 374-76 (Fla. 4th DCA 2011) (finding that even the filing of a notice of absence constituted record activity that precluded dismissal); Diamond Drywall Sys., Inc. v. Mashan Contractors, Inc., 943 So. 2d 267, 269 (Fla. 3d DCA 2006) (holding that an ex parte motion not served on the opposing party was record activity under rule 1.420(e)). Notably, previous interpretations of the rule required that any filings

affirmatively move the case forward in order to preclude dismissal. See Wilson, 923 So. 2d at 365 (discussing the history of rule 1.420(e)). However, the rule does not distinguish between active or passive record activity and generally requires "only a cursory review of the record because 'there is either activity on the face of the record or there is not.' " Citibank, N.A., 149 So. 3d at 1186 (quoting Wilson, 923 So. 2d at 368).

Inarguably, Zuppardo filed a notice of filing and a motion for leave to amend within the sixty-day grace period. While the defects in these pleadings may have prevented them from affirmatively moving the case forward, the rule does not require an analysis of a filing's substance. Once a pleading is timely filed the inquiry ends. We recognize that this case has suffered multiple periods of inactivity and that the trial court may have deemed that deficiencies existed in the timely filed pleadings, but such considerations are irrelevant in analyzing whether record activity has occurred under rule 1.420(e). The rule mandates only a cursory review of the record to determine whether there has been "any filing of record during the applicable time frame[s]." Chemrock Corp., 71 So. 3d at 791; see Citibank, N.A., 149 So. 3d at 1186. Simply put, if there has been record activity, the trial court is precluded from dismissing the case for failure to prosecute. Chemrock Corp., 71 So. 3d at 792. Therefore, the trial court erred by examining the substance of the pleadings and exceeding the cursory review mandated by the rule. Accordingly, we reverse the order dismissing Zuppardo's complaint for failure to prosecute and remand for further proceedings.

Reversed and remanded.

VILLANTI, C.J., and LaROSE, J., Concur.