**DYCK–O'NEAL, INC., Appellant,**

v.

**Lorrieann MARTIN, Appellee.**

**No. 4D15–4331**

District Court of Appeal of Florida, Fourth District.

[January 4, 2017]

Susan M. Morrison of the Law Offices of Susan B. Morrison, P.A., Tampa, for appellant.

Frederick Charles Sake, Miami, for appellee.

Kuntz, J.

Plaintiff, Dyck–O'Neal, Inc., appeals from a final order dismissing its action for lack of prosecution. Dyck–O'Neal filed a complaint against Lorrieann Martin seeking to recover a deficiency judgment. In response, Martin filed a motion to dismiss or transfer venue. No further action was taken for ten months which led the court to issue a notice of lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). The court's notice provided that the action may be dismissed if no record activity occurred within sixty days following service of the notice.

Within the sixty days, Dyck–O'Neal filed two documents: a notice of substitution of counsel; and a memorandum of law in opposition to Martin's motion to dismiss or transfer venue. Either of these filings was sufficient to establish record activity within sixty days of service of the notice of lack of prosecution. *Chemrock Corp. v. Tampa Elec. Co.*, 71 So.3d 786, 791 (Fla. 2011) ("[A]ny filing of record during the applicable time frame is sufficient to preclude dismissal—without regard to a finding that the filing is intended to affirmatively move

the case toward resolution on the merits."). Therefore, the dismissal was error and must be reversed.

*Reversed and remanded.*

Ciklin, C.J., and May, J., concur.