NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL A. ROBINSON,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Case No. 2D17-3383
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ELLEN MAREK; and TONI JAE HILL, a/k/a )
T.J. HILL HERITAGE HILLS INDUSTRIES, )
LLC,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellees.⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed August 24, 2018.

Appeal from the Circuit Court for Pasco
County; Linda H. Babb, Judge.

Brett Wadsworth of Brett Wadsworth, LC
(deceased), Tampa, for Appellant.

James A. Boyko, Spring Hill, for Appellee
Ellen Marek.

No appearance for remaining Appellee.


MORRIS, Judge.

⠀⠀⠀⠀⠀⠀Michael Robinson appeals an order dismissing an action for lack of

prosecution.  We reverse because record activity occurred during the grace period after

the trial court filed its notice of lack of prosecution, thus precluding dismissal for lack of prosecution.

In 2007, Ellen Marek filed an action against Robinson and two other defendants for breach of a construction contract. On April 7, 2015, the trial court granted Robinson's motion for summary judgment and entered summary judgment in favor of Robinson. On May 6, 2015, Robinson filed a motion for attorney's fees, but it was never set for hearing. On March 24, 2017, the trial court issued a notice of lack of prosecution. On May 11, 2017, Robinson filed a notice of hearing on his motion for attorney's fees. On June 21, 2017, the trial court entered an order dismissing the action for lack of prosecution, finding that there had been no record activity for over two years.

Robinson appeals the order of dismissal, arguing that the trial court erred in dismissing Marek's action for lack of prosecution because he filed a notice of hearing on his pending motion for attorney's fees, which he claims constituted record activity that precluded dismissal under Florida Rule of Civil Procedure 1.420(e).

Rule 1.420(e) provides as follows:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. <u>If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion</u> or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5

- 2 -

days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

(Emphasis added.) "Record activity is defined as the 'filing of pleadings, order of court, or otherwise.' " Zuppardo v. Dunlap & Moran, P.A., 186 So. 3d 1067, 1068 (Fla. 2d DCA 2016) (quoting Fla. R. Civ. P. 1.420(e)). "The test for record activity during the ten-month period and during the sixty-day grace period is a bright-line rule 'under which *any* filing of record is sufficient to preclude dismissal.' " Id. (quoting Citibank, N.A. v. Konigsberg, 149 So. 3d 1185, 1186 (Fla. 2d DCA 2014)). Previous interpretations of the rule required a filing that affirmatively moved the case forward, but there is no longer a distinction "between active or passive record activity." Id. (first citing Wilson v. Salamon, 923 So. 2d 363, 365 (Fla. 2005); then quoting Citibank, N.A., 149 So. 3d at 1186). The rule requires "only a cursory review of the record" to determine whether there is record activity. Id. (quoting Citibank, N.A., 149 So. 3d at 1186); Wilson, 923 So. 2d at 368 ("[T]he rule establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court. . . . We find this bright-line rule appealing in that it establishes a rule that is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active."). This bright-line rule "applies to both time periods set forth" in rule 1.420(e): the ten-month time period as well as the sixty-day grace period. See Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786, 792 (Fla. 2011).

Here, the trial court provided notice on March 24, 2017, that no activity had occurred within ten months. Then, on May 11, 2017, Robinson filed a notice of hearing of his pending motion for attorney's fees. This notice of hearing, filed within the

sixty-day grace period, constituted "record activity" that was sufficient to avoid dismissal under rule 1.420(e).  See Wilson, 923 So. 2d at 364, 369 (holding that motion for attorney to appear pro hac vice constituted record activity that prevented dismissal under rule 1.420(e)); Edwards v. City of St. Petersburg, 961 So. 2d 1048, 1049-50 (Fla. 2d DCA 2007) (holding that "motion for hearing and for witness attendance" filed within sixty-day grace period constituted record activity preventing dismissal under rule 1.420(e)); Weston TC LLLP v. CNDP Mktg. Inc., 66 So. 3d 370, 371 (Fla. 4th DCA 2011) (holding that "notice of the absence and unavailability of [plaintiff's] attorney" constituted record activity under rule 1.420(e)); Lingo Constr. v. Pritts, Inc., 990 So. 2d 705, 706 (Fla. 4th DCA 2008) (holding that "motion to set a date for arbitration" filed within sixty-day grace period prevented dismissal under rule 1.420(e)).  Therefore, the trial court erred in dismissing the action for lack of prosecution.  Accordingly, we reverse the order of dismissal.

Reversed and remanded.

LaROSE, C.J., and KELLY, J., Concur.