NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NRG INVESTMENT PARTNERS, LLC,
as Assignee of Regions Bank,

       Appellant,

v.

MDC 6, LLC; MEDALLION
CONVENIENCE STORES, INC.; and
KENNETH L. WOOD,

       Appellees.

Case No. 2D17-3682

Opinion filed March 6, 2019.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Michael I. Bernstein and Jason B. Pear
of The Bernstein Law Firm, Miami,
for Appellant.

No appearance for Appellees for MDC 6,
LLC; Medallion Convenience Stores, Inc.;
and Kenneth L. Wood.

MORRIS, Judge.

       NRG Investment Partners, LLC (NRG), appeals an order dismissing its

action for a deficiency judgment against MDC 6, LLC; Medallion Convenience Stores,

Inc.; and Kenneth L. Wood (the appellees). We reverse the order of dismissal because record activity occurred within sixty days of the trial court's notice of lack of prosecution, precluding dismissal under Florida Rule of Civil Procedure 1.420(e).

In 2013, NRG obtained a judgment of foreclosure against the appellees, with the trial court reserving jurisdiction to award a deficiency judgment to NRG. NRG filed a motion for deficiency judgment in May 2014, and the appellees answered in July 2014. Further record activity occurred in 2015. On May 31, 2017, the clerk of the circuit court issued a notice of lack of prosecution. The notice cited rule 1.420(e) and set forth the language of the rule. The notice went on to state:

> NOTICE OF HEARING ON COURT'S OWN MOTION
> If no record activity occurs within 60 days of this notice you
> are advised that a hearing has been scheduled before the
> Honorable Martha J. Cook for the 17th day of August, 2017
> at 9:30 AM . . . to consider your good cause showing, if any,
> and/or to dismiss this case.

On July 28, 2017, NRG filed a notice of evidentiary hearing, notifying the appellees that NRG had scheduled a hearing for September 7, 2017, on NRG's motion for deficiency judgment. Also on July 28, NRG filed a response to the notice of lack of prosecution, informing the court that NRG had set a hearing on its motion for deficiency judgment, arguing that such activity constituted record activity within sixty days of the notice of lack of prosecution, and requesting that the case proceed on the merits. However, on August 17, 2017, the trial court entered an order of dismissal with the following language: "THIS CAUSE having come before the Court on this date for Case Management Conference and the Plaintiff having failed to appear as ordered by the Court, it is ORDERED AND ADJUDGED that this action is DISMISSED . . . ." NRG filed a timely motion for rehearing, arguing that after NRG had set the September 7, 2017,

hearing on the motion for deficiency judgment, NRG contacted the judge's office and confirmed that the trial court would not be proceeding with the August 17, 2017, hearing. NRG's motion was supported by an affidavit of a paralegal in NRG's counsel's office. The trial court denied NRG's motion for rehearing.

On appeal, NRG contends that the trial court erred in dismissing the case because record activity occurred within sixty days of the trial court's notice of lack of prosecution. We agree. There is an abundance of case law regarding dismissals for lack of prosecution pursuant to rule 1.420(e). Recently, this court reversed an order of dismissal for lack of prosecution because within sixty days of the notice of lack of prosecution, a party filed a notice of hearing on his pending motion. Robinson v. Marek, 255 So. 3d 420, 422 (Fla. 2d DCA 2018). We held that the "notice of hearing [of the party's pending motion], filed within the sixty-day grace period, constituted 'record activity' that was sufficient to avoid dismissal under rule 1.420(e)." Id. As in Robinson, NRG filed a notice of hearing on its pending motion within sixty days of the notice of lack of prosecution; such notice of hearing constituted record activity preventing dismissal under rule 1.420(e).

In its order of dismissal, the trial court referred to NRG's failure to attend a case management hearing. However, the record does not reflect that such a hearing was scheduled in this case. To the extent that the trial court was referring to the August 17, 2017, hearing mentioned in the notice of lack of prosecution, it was error for the trial court to dismiss the case based on NRG's failure to attend that hearing. Rule 1.420(e) provides for a dismissal if no record activity occurs within sixty days of the notice, "unless a party shows good cause in writing at least 5 days before the hearing on the

- 3 -

motion why the action should remain pending." (Emphasis added.) Once NRG filed its notice of hearing and response on July 28, 2017, NRG complied with the clear language of rule 1.420(e) and the trial court did not have authority to dismiss the action. See Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786, 792 (Fla. 2011) ("[D]ismissal is precluded if a stay order is entered or a party shows good cause in writing more than five days before a hearing . . . ."); Wilson v. Salamon, 923 So. 2d 363, 368 (Fla. 2005) (holding that rule 1.420(e) "establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court" to determine whether or not there is "activity on the face of the record"). Accordingly, we reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.


KELLY and VILLANTI, JJ., Concur.