NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES L. TATE, JR.,                          )
                                             )
          Appellant,                         )
                                             )
v.                                           )       Case No. 2D17-4266
                                             )
WALTER A. MCNEIL,                            )
SECRETARY, DEPARTMENT OF                     )
CORRECTIONS,                                 )
                                             )
          Appellee.                          )
_____)

Opinion filed April 10, 2019.

Appeal from the Circuit Court for
Hardee County; Marcus J. Ezelle, Judge.

James L. Tate, Jr., pro se.

Ashley Moody, Attorney General,
Tallahassee, and Erich Messenger,
Assistant Attorney General, Tampa,
for Appellee.


ATKINSON, Judge.


          James L. Tate, Jr., appeals the trial court's order dismissing his complaint

for lack of prosecution.  Because there was record activity to avoid dismissal under

Florida Rule of Civil Procedure 1.420(e), we reverse and remand for further proceedings.

Tate is in the custody of the Florida Department of Corrections. In his complaint, Tate alleges that his constitutional rights were violated when he was transferred from the Hardee Correctional Institution to the Jefferson Correctional Institution as retaliation for filing grievance complaints.

From August 24, 2012, to May 12, 2017, there was no record activity in the case. On May 12, 2017, the trial court entered an order setting a hearing for lack of prosecution. In its order, the trial court indicated that the case would be dismissed unless Tate showed good cause why the case should remain pending at least five days before the hearing scheduled for August 2, 2017. On June 16, 2017, Tate filed an "Order to Grant Order to Show Cause Coversheet" and a "Motion for Evidentiary Hearing."

On July 12, 2017, the trial court entered an order denying Tate's motion for an evidentiary hearing, in which it stated the following: "Given the lack of record activity since August of 2012, it does not appear that the case is ripe for an evidentiary hearing." The trial court then referenced its order scheduling a hearing for lack of prosecution "for August 2, 2017 to ascertain the current status of this case." On September 22, 2017, the trial court dismissed the case without prejudice for lack of prosecution.

Florida Rule of Civil Procedure 1.420(e) governs the trial court's dismissal of a complaint for failure to prosecute:

> In all actions in which it appears on the face of the record that <u>no activity by filing of pleadings, order of court, or</u>

otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within 10 months immediately preceding the service of such notice, and no record activity occurs within 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

(Emphasis added.) We review de novo "whether record activity has occurred within the meaning of rule 1.420(e) because 'it involves the construction of a procedural rule.' " Citibank, N.A. v. Konigsberg, 149 So. 3d 1185, 1185–86 (Fla. 2d DCA 2014) (quoting Weston TC LLLP v. CNDP Mktg. Inc., 66 So. 3d 370, 371–72 (Fla. 4th DCA 2011)). "Record activity is defined as the 'filing of pleadings, order of court, or otherwise.' " Zuppardo v. Dunlap & Moran, P.A., 186 So. 3d 1067, 1068 (Fla. 2d DCA 2016).

The test for determining whether record activity has occurred "during the ten-month period and during the sixty-day grace period is a bright-line rule 'under which any filing of record is sufficient to preclude dismissal.' " Konigsberg, 149 So. 3d at 1186 (quoting Chemrock Corp. v. Tampa Elec. Co., 71 So. 3d 786, 792 (Fla. 2011)). Although former interpretations of rule 1.420(e) required record activity that "affirmatively" moved the case forward, a plain reading of the rule does not distinguish between "passive or active" record activity. Wilson v. Salamon, 923 So. 2d 363, 368 (Fla. 2005). As such, the trial court need only make "a cursory review of the record

because 'there is either activity on the face of the record or there is not.' " Konigsberg, 149 So. 3d at 1186 (quoting Wilson, 923 So. 2d at 368).

Here, prior to the trial court's order setting a hearing for lack of prosecution, Tate had not been previously notified that no record activity had occurred for a period of ten months prior to May 12, 2017. As such, that order served as the notice of his failure to prosecute required by the rule. This gave Tate a sixty-day grace period from service of that notice to make a filing of record to preclude dismissal.

While the rule does provide for the showing of good cause in writing why the action should remain pending—as the trial court ordered here—that only applies if there has been no record activity during the sixty days following notice of failure to prosecute. The opportunity to show cause serves as an exception to the requirement that the action be dismissed after such time period elapses. Here, because Tate created record activity within sixty days of the notice of his failure to prosecute, he was not required to show good cause five days before the hearing on August 2, 2017.

Because Tate's June 16, 2017, filings constituted record activity within the sixty-day grace period, the trial court erred by dismissing the case for failure to prosecute. Accordingly, we reverse the order dismissing Tate's complaint for failure to prosecute and remand for further proceedings.

Reversed and remanded.

CASANUEVA and SILBERMAN, JJ., Concur.

- 4 -