# Third District Court of Appeal

## State of Florida

Opinion filed December 2, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1687
Lower Tribunal No. 12-7415
_____


**Energy Smart Industry, LLC,**
Appellant,

vs.

**Millennium Condominium Association, Inc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Offices of Jason Gordon, P.A., and Jason Gordon (Hollywood), for appellant.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellee.


Before FERNANDEZ, HENDON, and BOKOR, JJ.

HENDON, J.

The plaintiff below, Energy Smart Industry, LLC ("Energy Smart"), appeals from the trial court's order dismissing, with prejudice, the action it filed against Millennium Condominium Association, Inc. ("Millennium") for lack of prosecution under Florida Rule of Civil Procedure 1.420(e), and striking as sham pleadings "the purported record activity" and the second amended complaint pursuant to Florida Rule of Civil Procedure 1.150. For the reasons that follow, we reverse the order under review and remand the cause for further proceedings.

Energy Smart filed suit against Millennium in February 2012. On April 12, 2019, the trial court served a Notice of Lack of Prosecution under rule 1.420(e), stating that a party opposing dismissal for lack of prosecution must appear at the hearing and affirmatively establish at least one of five occurrences, including that "[t]here has been record activity within sixty (60) days immediately following service of this Notice and Order to Appear[.]"[1]

---

[1] The Notice of Lack of Prosecution provides that the party opposing dismissal must affirmatively establish at least one of the following:
1.  There had been record activity within ten (10) months prior to service of this Notice and Order to Appear; or
2.  A stay of the action was in effect within the ten (10) months prior to service of this Notice and Order to Appear; or
3.  There has been record activity within sixty (60) days immediately following the service of this Notice and Order to Appear; or
4.  The Court issued a stay of the action within sixty (60) days immediately following the service of this Notice and Order to Appear; or

On June 6, 2019, Maikel N. Eskander of Eskander Loshak LLP (collectively, "Eskander") filed a Stipulation for Substitution of Counsel on behalf of Energy Smart ("Stipulation for Substitution of Counsel"), which provides that Eskander shall be relieved of all further obligations as counsel for Energy Smart, and the Law Offices of Jason Gordon, P.A., and Jason Gordon, Esq. (collectively, "Gordon"), shall be substituted as counsel of record.

On July 26, 2019, the trial court conducted a non-evidentiary hearing on the Notice of Lack of Prosecution. Thereafter, on August 1, 2019, the trial court entered a fifteen-page order (1) dismissing, with prejudice, Energy Smart's action for failure to prosecute under rule 1.420(e), and (2) striking as sham pleadings Energy Smart's "purported record activity"[2] and the second amended complaint under rule 1.150.

The trial court's order provides that Energy Smart filed its second amended complaint on February 8, 2013, and thereafter, the law firm who had been representing Energy Smart from the inception, Stok Folk + Kon, withdrew. Following the law firm's withdrawal, about ten other firms/attorneys made

---

5. At least five (5) days before the hearing, the party opposing the dismissal established good cause, in writing, for the action to remain pending.

In the instant case, it is undisputed that Energy Smart did not establish 1., 2., or 4., and did not provide any writing relating to good cause as set forth in 5.

[2] The "purported record activity" is the Stipulation for Substitution of Counsel filed on June 6, 2019.

3

appearances as counsel for Energy Smart, including Eskander, who filed a notice of appearance on May 16, 2018, which was the last record activity immediately preceding service of the Notice of Lack of Prosecution on April 12, 2019. However, four of those other firms/attorneys, including Eskander, were not relieved from their responsibilities by an order entered by the trial court, and therefore, they remain as counsel of record for Energy Smart.

In the order, the trial court, however, acknowledged that on June 6, 2019, which was during the sixty-day period immediately following the service of the Notice of Lack of Prosecution, Eskander filed on behalf of Energy Smart the Stipulation for Substitution of Counsel, but on that same date, the trial court rejected the proposed agreed order because it was missing Mr. Gordon's Florida Bar number as required for substitution orders per the Clerk of Court.[3]

The trial court's order also states that Energy Smart failed to file any affidavit or showing of good cause within five days of the lack of prosecution hearing. Further, although Mr. Gordon appeared at the hearing on behalf of Energy Smart, the trial court found that he was not counsel of record as the trial court did not accept the purported agreed order on the Stipulation for Substitution of Counsel filed by

---

[3] A proposed order is not attached to the Stipulation for Substitution of Counsel. There is no docket entry indicating that the trial court rejected the proposed agreed order. The Stipulation for Substitution of Counsel was signed by both Mr. Eskander and Mr. Gordon and included their Florida Bar numbers.

4

Eskander. The trial court further held that a substitution of counsel is not "activity" sufficient to preclude dismissal for lack of prosecution, citing to Boeing Co. v. Merchant, 397 So. 2d 399 (Fla. 5th DCA 1981), and Industrial Trucks of Florida, Inc. v. Gonzalez, 351 So. 2d 744 (Fla. 3d DCA 1977), and that Florida courts have held that a plaintiff's motion for substitution of counsel and an order authorizing the substitution are not record activity that defeat a motion to dismiss for lack of prosecution, citing to Sewell Masonry Co. v. DCC Construction, Inc., 862 So. 2d 893 (Fla. 5th DCA 2003). The trial court also noted that it was aware of later Florida Supreme Court precedent establishing "a bright-line test—either there is record activity or there is not." However, the trial court indicated in its order that, when the Stipulation for Substitution of Counsel was filed, Energy Smart's counsel knew the case would not move forward, and concluded that Energy Smart had engaged in deliberate multiple periods of non-prosecution and failed to show good cause why the action should not be dismissed. The trial court further stated: "To that end, this Court finds that the stipulation for substitution of counsel filed on June 6, 2019 [by] Plaintiff's counsel of record, Maikel Eskander, Esq. is a sham pleading." The trial court concluded that the June 6, 2019 Stipulation for Substitution of Counsel and the Second Amended Complaint are "demonstrably false, a sham."

In addition to dismissing the underlying action, with prejudice, for lack of prosecution under rule 1.420(e), the trial also ruled that, pursuant to rule 1.150, it

was striking as sham pleadings Energy Smart's "purported record activity" and the second amended complaint. This appeal followed.

Rule 1.420(e), as amended effective January 1, 2006, provides as follows:

> **Failure to Prosecute.** In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

As stated in rule 1.420(e), record activity is defined as the "filing of pleadings, order of court, or otherwise." Id. The Florida Supreme Court held that rule 1.420(e) sets forth a bright-line rule for record activity—"any filing of record" within either the ten months immediately preceding the service of a notice of lack of prosecution or the sixty-day period following the service of the notice of lack of prosecution suffices to preclude dismissal for lack of prosecution. Chemrock Corp. v. Tampa

Elec. Co., 71 So. 3d 786, 792 (Fla. 2011).[4]  The application of this bright-line rule is considered "mechanical" and "consists of a review of the docket." Waldeck, 300 So. 3d 1218, 1219 (Fla. 4th DCA 2020); Zuppardo v. Dunlap & Moran, P.A., 186 So. 3d 1067, 1068 (Fla. 2d DCA 2016) (holding that rule 1.420(e) "does not distinguish between active or passive record activity and generally requires only a cursory review of the record because there is either activity on the face of the record or there is not") (internal quotation marks omitted).

In the instant case, a review of the docket clearly indicates that, within the sixty days immediately following the service of the Notice of Lack of Prosecution, Energy Smart filed the Stipulation for Substitution of Counsel.  This filing constitutes record activity under the bright-line rule set forth in rule 1.420(e).  See Dyck-O'Neal, Inc., 207 So. 3d 898, 898 (Fla. 4th DCA 2017) (holding that the filing of a notice of substitution of counsel is "sufficient to establish record activity within sixty days of service of the notice of lack of prosecution" as set forth in rule 1.420(e)); see also Coral Gables Imports v. Suarez, 219 So. 3d 101, 102 (Fla. 3d DCA 2017) (holding that the filing of a notice of change of address within the sixty-day period immediately following service of a notice of lack of prosecution satisfies

_____

[4] Boeing Co., Industrial Trucks, and Sewell Masonry, which the trial court relied on in its order, pre-date Chemrock, in which the Florida Supreme Court stated:  "[A]ny filing of record during the applicable time frame is sufficient to preclude dismissal—without regard to a finding that the filing is intended to affirmatively move the case toward resolution on the merits." Chemrock, 71 So. 3d at 791.

"the record activity requirement of rule 1.420(e), thereby precluding dismissal of the action for lack of prosecution"). Therefore, we reverse the portion of the order under review dismissing the underlying action, with prejudice, for lack of prosecution under rule 1.420(e).

Moreover, in an attempt to avoid consideration of the Stipulation for Substitution of Counsel, which was filed within the sixty-day grace period, the trial court found that the filing was a sham and ruled that it was striking the filing under rule 1.150. By doing so, the trial court attempted to circumvent the bright-line rule regarding record activity under rule 1.420(e). See, e.g., Zuppardo, 186 So. 3d at 1069 ("[T]he trial court erred by examining the substance of the pleadings and exceeding the cursory review mandated by [rule 1.420(e)]"). Additionally, at the time of the rule 1.420(e) hearing, there was no pending motion to strike filed pursuant to rule 1.150, which provides:

> **(a) Motion to Strike.** If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.

There was no notice provided to Energy Smart that at the July 26, 2019 lack of prosecution hearing, the trial court would address the striking of the second amended complaint or the Stipulation for Substitution of Counsel as sham pleadings pursuant

8

to rule 1.150.  As such, Energy Smart's due process rights were violated.  Thus, we reverse the portion of the trial court's order striking the "the purported record activity" and the second amended complaint as sham pleadings.  Accordingly, we reverse the order under review and remand the cause for further proceedings.

Reversed and remanded.