# Third District Court of Appeal

## State of Florida

Opinion filed July 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1914
Lower Tribunal No. 21-9917
_____


**Peter R. Ehrlich, Jr.,**
Appellant,

vs.

**Timothy M. Hogle, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Kluger, Kaplan, Silverman, Katzen & Levine, P.L., and Marko F. Cerenko and Becky N. Saka, for appellant.

Martinez Morales, and Raul Morales and Angela Bousalis, for appellees.


Before EMAS, SCALES and BOKOR, JJ.

EMAS, J.

## ON CONFESSION OF ERROR

Peter R. Ehrlich, Jr., appeals from an order dismissing his complaint with prejudice for lack of prosecution. Appellees commendably concede[1] (and upon our independent review we agree) that the trial court erred in dismissing the action, given that there was record activity within the sixty days immediately following service of the FWOP ("For Want of Prosecution") notice. We review such an issue de novo. See, e.g., Citibank, N.A. v. Konisberg, 149 So. 3d 1185, 1185-86 (Fla. 2d DCA 2014) ("The issue of whether record activity has occurred within the meaning of rule 1.420(e) is subject to de novo review because it involves the construction of a procedural issue.") (internal quotation omitted); Weston TC LLLP v. CNDP Mktg. Inc., 66 So. 3d 370, 371-72 (Fla. 4th DCA 2011) ("Whether there has been 'record activity' within the meaning of Rule 1.420(e) is a question of law reviewed *de novo*, as it involves the construction of a procedural rule.")

Florida Rule of Civil Procedure 1.420(e) provides in pertinent part:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued . . . the court, or the clerk of the court may

---

[1] In their answer brief, appellees posit that they have not submitted themselves to the jurisdiction of the trial court, and continue to contest the issue of service of process and personal jurisdiction. Appellees indicate they neither participated in, nor took a position on, the trial court's decision to dismiss the case with prejudice based upon a purported lack of prosecution.

serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, <u>and no record activity occurs within the 60 days immediately following the service of such notice</u> . . . the action shall be dismissed by the court on its own motion . . . after reasonable notice to the parties.

As this court noted in <u>Energy Smart Indus., LLC v. Millennium Condo. Ass'n, Inc.</u>, 314 So. 3d 519, 522 (Fla. 3d DCA 2020), the application of this rule is simple and straightforward:

The Florida Supreme Court held that rule 1.420(e) sets forth a bright-line rule for record activity—"any filing of record" within either the ten months immediately preceding the service of a notice of lack of prosecution or the sixty-day period following the service of the notice of lack of prosecution suffices to preclude dismissal for lack of prosecution. <u>Chemrock Corp. v. Tampa Elec. Co.</u>, 71 So. 3d 786, 792 (Fla. 2011). The application of this bright-line rule is considered "mechanical" and "consists of a review of the docket." <u>Waldeck [v. McDougall]</u>, 300 So. 3d 1218, 1219 (Fla. 4th DCA 2020).

Within the sixty-day period, Ehrlich filed a notice of hearing on a motion to withdraw filed by appellees' counsel.  This satisfied the "record activity" requirement of rule 1.420(e), thus precluding dismissal for lack of prosecution.  <u>Waldeck</u>, 300 So. 3d at 1219 ("There is no factual dispute. There was record activity within the sixty-day period after notice of lack of prosecution. . . . The record activity consisted of a motion to stay and a notice of hearing on the motion to stay. Either one constitutes record activity under the bright-line test required by the plain language of the rule."); <u>NRG Inv.</u>

3

Partners, LLC v. MDC 6, LLC, 266 So. 3d 236, 238 (Fla. 2d DCA 2019) ("NRG filed a notice of hearing on its pending motion within sixty days of the notice of lack of prosecution; such notice of hearing constituted record activity preventing dismissal under rule 1.420(e)."); Robinson v. Marek, 255 So. 3d 420, 422 (Fla. 2d DCA 2018) ("Robinson filed a notice of hearing of his pending motion for attorney's fees. This notice of hearing, filed within the sixty-day grace period, constituted 'record activity' that was sufficient to avoid dismissal under rule. 1.420(e).")

As the Florida Supreme Court observed in Chemrock, 71 So. 3d at 791, "any filing of record during the applicable time frame is sufficient to preclude dismissal—without regard to a finding that the filing is intended to affirmatively move the case toward resolution on the merits." See also Zuppardo v. Dunlap & Moran, P.A., 186 So. 3d 1067, 1068 (Fla. 2d DCA 2016) (holding that rule 1.420(e) "does not distinguish between active or passive record activity and generally requires only a cursory review of the record because there is either activity on the face of the record or there is not") (internal quotation marks omitted).[2]

---

[2] Though not necessary to our decision, we note that the order dismissing for lack of prosecution was entered with prejudice.  This too was error. See Abu-Hamdeh ex rel. Abu-Hamdeh v. Romero-Bolumen, 889 So. 2d 879, 880 n.1 (Fla. 3d DCA 2004) ("A dismissal for failure to prosecute may not be entered with prejudice") (citing Gold Coast Graphics, Inc. v. Rachline, 448

We therefore vacate the order of dismissal and remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

---

So. 2d 544 (Fla. 3d DCA 1984) and <u>McDaniel v. Onkey,</u> 422 So. 2d 70 (Fla. 2d DCA 1982)).